IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| KEVIN WIGGINS, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 8:18-cv-02268-PWG |
| GATEWAY ONE LENDING & FINANCE, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Kevin Wiggins filed this action in state court against Gateway One Lending & Finance LLC ("Gateway"), seeking damages for breach of contract. Gateway removed the case to federal court and filed a motion to dismiss or, in the alternative, for summary judgment.

Upon review, I conclude that this Court lacks subject matter jurisdiction over Mr. Wiggins's suit. While Gateway has sought to invoke diversity jurisdiction under 28 U.S.C. § 1332, it has failed to establish that Mr. Wiggins's Complaint satisfies that statute's amount-in-controversy requirement. The case will therefore be remanded to state court.

## FACTUAL BACKGROUND

On October 7, 2016, Mr. Wiggins entered into an installment sale contract for the purchase of a 2017 Acura ILX. *See* Salazar Aff. ¶ 4, ECF No. 11-1. The seller, Norris Acura West, soon afterward assigned its rights in the contract to Gateway. *See id.* ¶ 5.

Mr. Wiggins, according to Gateway, quickly fell behind in his payments. *See id.* ¶ 6. On April 11, 2017, Gateway sent him a letter cautioning that it would repossess the car unless he paid

1

$769.60 or otherwise cured the alleged default within 10 days. *See* Notice of Intent to Repossess 10, ECF No. 11-1. The parties later agreed to a contract extension. *See* Salazar Aff. ¶ 7; Contract Extension 13, ECF No. 11-1.

This suit followed. The Complaint, which Mr. Wiggins filed in the Circuit Court for Baltimore City, alleges that Mr. Wiggins mailed a check for $690 to Gateway on March 1, 2018, and that, on the check's memo line, he had written the words "full accord & satisfaction of account." Compl. ¶ 5, ECF No. 1-2. Gateway deposited the check and credited the money to Mr. Wiggins's account on March 7, 2018. *See id.* ¶ 6. Mr. Wiggins then sent the company a series of letters purporting to put it "on notice" that it must properly credit his account and release its lien within 10 days. ECF No. 1-2, Ex. 2-4. Undeterred, Gateway "ignored" the notices and continued to demand payments under the terms of the financing agreement. *See* Compl. ¶ 10.

Mr. Wiggins's state court lawsuit asserted a single claim of breach of contract. *See id.* ¶¶ 11-13. The Complaint concluded with the following prayer for damages: $2,000 in compensation for "all payments made after the acceptance of [the March 1, 2018] check tendered for full accord and satisfaction"; the release of the lien on the car; settlement of Mr. Wiggins's account with Gateway; and $50,000 in punitive damages "for breach of contract, pain and suffering, harassment, emotional distress, and dishonor." Compl. Mr. Wiggins filed a motion for summary judgment in the state court. *See* ECF No. 1-2, Ex. 5.

Gateway removed the case to this Court in July 2018, purporting to invoke the Court's diversity jurisdiction. *See* Notice of Removal ¶ 4, ECF No. 1. The company later filed a motion to dismiss or, in the alternative, for summary judgment, ECF No. 11, which has now been fully briefed, *see* ECF Nos. 13, 15. I have reviewed the parties' briefings and do not find it necessary to hold a hearing. *See* Loc. R. 105.6.

## DISCUSSION

Mr. Wiggins has not contested Gateway's right to remove this case to federal court. To be clear, though, he did not have to. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("Subject-matter jurisdiction can never be waived or forfeited."). As the Fourth Circuit has noted, "jurisdictional limits define the very foundation of judicial authority." *United States v. Wilson*, 699 F.3d 789, 793 (4th Cir. 2012). Accordingly, a court has an obligation to assure itself of its jurisdiction, no matter whether either of the parties has challenged it. *See id.*; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Gateway's Notice of Removal asserts that this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1). This statute endows federal district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Where, as here, a defendant has sought to remove the case to federal court under 28 U.S.C. § 1441, it is the defendant's burden to establish federal jurisdiction. *See Hicks v. Herbert*, 122 F. Supp. 2d 699, 701 (S.D.W.V. 2000).

Gateway has established that the parties are diverse. *See* Notice of Removal ¶ 5 (stating that Mr. Wiggins is a citizen of Maryland and that Gateway is a citizen of Delaware, California, and South Dakota). What remains to be shown is whether Mr. Wiggins's claim satisfies the amount-in-controversy requirement. In making this determination, courts generally accept the dollar figure cited in the complaint, so long as "the claim is apparently made in good faith." *Joy Family Ltd. P'ship v. United Fin. Banking Cos.*, No. ELH-12-3741, 2013 WL 4647321, at *6 (D. Md. Aug. 28, 2013) (quoting *St. Paul Mercury Indem. Co v. Red Cab Co.*, 303 U.S. 283, 288

(1938)). If, as it happens, the plaintiff is seeking an amount sufficient to satisfy the amount-in-controversy requirement, the court "may dismiss only if 'it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed.'" *Id.* at *7 (quoting *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010)).

Here, the prayer for relief in Mr. Wiggins's Complaint is clear in parts and vague in others. It unequivocally alleges $2,000 in compensatory damages for the payments he made after Gateway deposited his March 1, 2018 check, plus $50,000 in punitive damages. Compl. It also seeks a "settlement" of his account, but does not indicate what such a settlement would be worth, as a financial matter. *See id.*

Courts recognize that a plaintiff may deliberately limit his prayer for damages "in order to avoid federal jurisdiction." *Bowers v. Bank of Am., N.A.*, 905 F. Supp. 2d 697, 700 (D. Md. 2012). Accordingly, when a plaintiff seeks less than the statutory minimum for federal jurisdiction, or fails to allege a specific amount in damages, it falls to the defendant, as the party seeking removal, to "prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Id.* at 701 (quoting *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509-10 (D. Md. 2002)).

In its attempt to meet its burden, Gateway has submitted an affidavit attesting that the outstanding balance on Mr. Wiggins's account as of June 25, 2018 was $32,384.71. *See* Vang Aff. ¶ 4, ECF No. 1-3. Gateway adds to this the $2,000 the Complaint seeks in compensation for payments Mr. Wiggins made after March 1, 2018, plus the $50,000 it seeks in punitive damages, and concludes the Complaint seeks at least $84,384.71 – enough to bring this suit within the Court's jurisdiction. Notice of Removal ¶¶ 8-9.

Taking Gateway's attestations into account, it is clear enough that Mr. Wiggins's breach of contract claim does not seek enough in compensatory damages alone to hoist this suit into federal court. The question, then, is whether the calculation should include his prayer for $50,000 in punitive damages.

There is no doubt that a party may aggregate punitive damages with other damages to satisfy the amount-in-controversy requirement. *See Joy Family*, 2013 WL 4647321, at *9. But, as the Fourth Circuit has cautioned, "claims for punitive damages proffered for the purpose of achieving the jurisdictional amount should be carefully examined." *Id.* (quoting *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983) (per curiam)).

Under Maryland law, punitive damages are not available for breach-of-contract claims. *See Schaefer v. Aetna Life & Cas. Co.*, 910 F. Supp. 1095, 1099 (D. Md. 1996); *VF Corp. v. Wrexham Aviation Corp.*, 715 A.2d 188, 192 n.2 (Md. 1998). That is the only claim Mr. Wiggins has asserted in this case. *See* Compl. The Complaint does not accuse Gateway of any tort, nor does it allege facts that might conceivably support a tort claim. It is clear then, as a matter of law, that punitive damages are not recoverable here. That being so, Mr. Wiggins's action does not satisfy the amount-in-controversy requirement and does not come within this Court's jurisdiction. I must, accordingly, remand the case to state court pursuant to 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## **ORDER**

Accordingly, it is this 24th day of April, 2019, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendant Gateway One Lending & Finance, LLC's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 11) IS DENIED AS MOOT in light of this ruling; and

2. The Clerk IS DIRECTED to remand this case to the Circuit Court for Baltimore City and to CLOSE THIS CASE.

Paul W. Grimm
United States District Judge